UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BRYAN S. BLEVINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   3:25-CV-623-DCLC-DCP |
| | ) | |
| STATE OF TENNESSEE, TN DEPT OF | ) | |
| CORRECTION, LT. AARON WHITE, | ) | |
| and WARDEN BRIAN ELLERS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff, a Tennessee Department of Correction prisoner, filed a complaint for violation of 42 U.S.C. § 1983 [Doc. 1], a motion for leave to proceed *in forma pauperis* [Doc. 2], a motion for equitable tolling [Doc. 4], a notice regarding "peril" and potential retaliation due to this lawsuit [Doc. 5], and a request for appointment of counsel [Doc. 6]. But while a prisoner, Plaintiff has filed at least four cases that a Court dismissed for failure to state a claim upon which relief may be granted or as frivolous, and his filings in this case do not support a plausible inference that he was in imminent danger of physical injury at the time he filed his complaint. Accordingly, Plaintiff cannot proceed as a pauper in this action, his motion to proceed *in forma pauperis* [Doc. 2] will be **DENIED**, this action will be dismissed without prejudice to him paying the filing fee, and Plaintiff's other pending motions [Docs. 4, 6] will be **DENIED as moot**.

The "three strikes" provision of the Prison Litigation Reform Act ("PLRA") provides that an inmate may not proceed *in forma pauperis* in a civil action if, as a prisoner, he has filed three or more cases that a court dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless "[he] is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g). As a prisoner, Plaintiff has filed at least four cases that a Court dismissed for failure to state a claim upon which relief may be granted or as frivolous. *Blevins v. Tenn. Dep't Corr., et al.*, No. 3:22-CV-118 [Docs. 4, 5] (E.D. Tenn. April 6, 2022); *Blevins v. Ellers, et al.*, 3:24-CV-111 [Docs. 12, 13] (E.D. Tenn. June 11, 2024); *Blevins v. White*, 3:25-CV-35 [Docs. 7, 8] (E.D. Tenn. Feb. 21, 2025); *Blevins v. Tenn. Dep't Corr., et al.*, No. 3:25-CV-514 [Docs. 6, 7] (E.D. Tenn. Oct. 27, 2025).

Thus, Plaintiff has accumulated at least three strikes under the PLRA and cannot proceed herein absent "a plausible allegation that [he] faced 'imminent danger of serious physical injury'" when he filed his complaint. *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). This imminent danger exception to the three strikes rule "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)). The exception applies where a court, informed by its "'judicial experience and common sense,' could 'draw the reasonable inference'" that a plaintiff faced an existing danger when he filed the pleading. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)).

In his § 1983 complaint, Plaintiff seeks to bring claims arising out of a 2023 attack on him by his cellmate after Defendant White denied cell change requests [Doc. 1]. Nothing in the complaint suggests that Plaintiff was in imminent danger of serious physical injury when he filed his complaint. *Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008) (providing that the imminent danger exception only applies where the danger is "real and proximate and the danger of serious physical injury . . . exist[s] at the time the complaint is filed," and that that past danger is insufficient).

Also, in a "notice" regarding peril and retaliation he filed with his complaint, Plaintiff states

that he is now housed in a separate area of the prison from his former cellmate who assaulted him, but an unspecified officer, presumably Defendant White, "still has access to [him]" [Doc. 5, p. 1]. Plaintiff therefore states "retaliatory action may occur due to this [l]awsuit" [*Id.*]. However, Plaintiff's speculative allegation that an officer may retaliate against him for filing this case also does not allow the Court to reasonably infer that Plaintiff was in imminent danger of serious physical injury when he filed his complaint.

Accordingly, Plaintiff may not proceed as a pauper in these proceedings, his motion to proceed *in forma pauperis* [Doc. 2] will be **DENIED** pursuant to § 1915(g), and the instant action will be **DISMISSED** without prejudice to Plaintiff paying the filing fee in full. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that prisoner's obligation to pay filing fee arises when complaint delivered to district court clerk).

Also, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, such that any request for leave to proceed *in forma pauperis* on any subsequent appeal will be **DENIED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER**:

s/Clifton L. Corker<br>United States District Judge